UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
NOV 1 0 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| **ERIKA SANCHEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 5:15-cv-00982 |
| | § | |
| **PRUDENTIAL INVESTMENT** | § | |
| **MANAGEMENT, INC.,** | § | |
| *Defendants.* | § | |

DAE

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

### A. PARTIES

1. Plaintiff, ERIKA SANCHEZ, is an individual who is a citizen of the State of Texas and resident of New Braunfels in Comal County, Texas within the Western District of Texas, San Antonio Division.

2. Defendant, PRUDENTIAL INVESTMENT MANAGEMENT, INC., is a foreign corporation organized and existing under the laws of the State of New Jersey with it principal place of business in Newark, New Jersey. Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. JURISDICTION

3. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a) (1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $ 75,000, excluding interests and costs. Plaintiff is a resident of Texas and Defendant Prudential Investment Management, Inc. is a foreign corporation, whose principal place of business is New Jersey. The amount in controversy is $400,000 which is the amount due to be paid under the SGLI policy insuring Servicemember Sebastian Hoffman.

There is a federal jurisdiction over this case under 28 U.S.C. 1331, the federal question statute, because the federal SGLI statute creates an implied cause of action, and resolution of the dispute over whom should be awarded the proceeds under the policy on

deceased servicemember Sebastian Hoffman is governed by federal law and interpretation of this statute.

### C. VENUE

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred at Servicemember Sebastian Hoffman's unit, located at Fort Sam Houston, Texas, which is within the bounds of the US District Court, Western District of Texas, San Antonio Division. Former servicemember Sebastian T. Hoffman was at all times relevant a soldier in the U.S. Army, who was assigned to Fort Sam Houston to drill. Prior to Sebastian T. Hoffman's death, he had changed his designation of beneficiary twice, with the latest re-designation naming Erika Sanchez as his sole beneficiary, being awarded 100% of the policy proceeds upon his death. The unit administrator whose position was, *inter alia*, to properly execute, date and process SGLI designation forms, failed to property date, execute and process the paperwork required to comply with the SGLI statute. Prudential has wrongfully refused to honor the latest designation made by Mr. Hoffman due to the acts of the unit administrator to properly execute, date and process the paperwork as required. The acts and omissions of the unit administrator upon which Prudential relies occurred in the Western District of Texas, San Antonio Division.

### D. FACTS

5.  This case arises out of lapse and failure within former Sebastian T. Hoffman's unit to properly complete the signed and tendered beneficiary SGLI form, such that Defendant Prudential refuses to accept, acknowledge or honor either of the two designation forms submitted by him. Hoffman's unit, not once but twice, failed to properly execute SGLI designation forms properly submitted and delivered to his unit administrator. As a result of which, his former unit has held a 15-6 investigation, in accordance with the Uniformed Code of Military Justice, to determine the basis for this lapse and to assess and any appropriate administrative and/or punitive actions as provided under the UCMJ.

6.  It is undisputed that on both occasions Hoffman tendered signed SGLI designation forms to the person having oversight and responsibility for ensuring that the servicemember's desired designations were given full force and effect. The last designation, which Hoffman signed and handed to his unit administrator, confirmed that the only person whom he wanted to leave any interest in his policy was his former wife, Erika Sanchez.

7.  Sebastian T. Hoffman committed suicide on June 10, 2015. Improperly relying upon the alleged omissions and errors of the unit administrator, Defendant Prudential is refusing to accord the decedent his last expressed, desired designation for want of proper dating and

execution of the SGLV 8286 beneficiary form, which names his former wife as the sole, 100% percent beneficiary to the policy. In her place, the Defendant apprised Plaintiff Sanchez of her rights to appeal the determination made to award the proceeds equally between the decedent's estranged parents, Cheryl Hoffman, and George Hoffman, real parties in interest. Plaintiff Sanchez appropriately lodged an internal appeal which was denied. Prudential advised in correspondence sent to her that it would extend the period of time to reconsider its position to November 11, 2015, upon which date it would distribute proceeds under the policy to the servicemember's heirs at law, as established under the SGLI statute.

8. Defendant Prudential's imminent disbursement of policy proceeds to the servicemember's estranged parents and not to the beneficiary he identified and perfected his interest, when he signed and hand-delivered the form to his unit administrator obligated to execute, sign, date and properly process the form, runs afoul of the decedent's intentions and imposed artificial restriction on distributions that counterman and effectively disregard the servicemember's selection. Defendant Prudential's decision to disregard the latest signed and tendered designation form to his unit officer assigned with processing SGLI paperwork, awarding ERIKA Sanchez 100% interest in his retirement, effectively elevates form over substance and improperly penalizes the former servicemember for lapses in processing to which he had no control or oversight.

9. The established federal jurisprudence on the interpretation of SGLI beneficiary designations finds that Prudential is obligated to honor the last properly designated, signed and delivered form, irrespective of any acts or omissions in the processing of such paperwork by his unit, the federal government or Prudential.

### E. Count 1–Plaintiff's Claim

10. Under U.S.C. § 1970 (a), Plaintiff has an implied cause of action in seeking beneficiary proceeds of Mr. Hoffman's SGLI policy. In *Coomer*, the Fifth Circuit held that when a service member hands the writing, naming the beneficiary, to the person whom is in charge of receiving and maintaining the beneficiary designated forms, receipt has occurred. *Coomer v. U.S.*, 471 F.2d 1, 5 (5th Cir. 1973). Defendant, Prudential is seeking to distribute proceeds to his heirs-at-law, thus failing to honor the valid beneficiary designation. An insurance policy is a contract, and it is governed by the same rules of construction applicable to all contracts. The Court's primary goal is to give effect to the written expression of the parties' intent. *See e.g. Gray v. Nash*, 259 S.W.3d 286, 289 (Tex. App. 2008).

11. Defendant Prudential's letter advising Plaintiff that it is disregarding the final designation made by Mr. Hoffman and conferring the policy benefits between his estranged parents, constitutes an anticipatory breach of contract and elevates forms over substance in

awarding policy proceeds to persons whom the decedent elected to not provide any interest, as he specifically identified ERIKA Sanchez, in their place.

## D. REQUEST FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER

### a. *Request for Preliminary Injunction*

12. Plaintiff ERIKA Sanchez will suffer irreparable injury if Defendant Prudential is not enjoined while this suit is pending from dispersing SGLI proceeds to his heirs-at-law and disposing of his former last designation as if he had never made any designation, on or before November 11, 2015. Should Prudential not be enjoined and prohibited from disbursing the proceeds under the policy to persons it has selected, over the wishes of the servicemember, to receive benefits, those same proceeds shall in all likelihood be liquidated and expended such that even if Plaintiff Sanchez was to prevail in the underlying suit, there would be no proceeds to realize and accord her the right to insurance benefits.

13. Under the 5th Circuit's analysis for ordering a preliminary injunction, Ms. Sanchez has met the requirements. *DSC Commc'ns Corp. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). The Plaintiff will suffer imminent and irreparable harm if Defendant Prudential distributes the four hundred thousand dollar policy proceeds on November 11, 2015, as it urged it would do in correspondence to Ms. Sanchez. Release and distribution of the monies which form the corpus of the insurance policy will further cause irreparable injury to Plaintiff Sanchez as once the monies have been given out, a final judgment in her favor cannot rectify their disbursement to Cheryl Hoffman and George Hoffman, and the intentions of the decedent will be subsumed.

14. There is no adequate remedy at law because even though this court in a later ruling will likely find in favor of the Plaintiff and confirm her superior interest in the policy proceeds, such a legal remedy is merely illusory (if the monies have been released) and no effective legal relief could be obtained without filing multiple lawsuits to disgorge and recoup monies awarded under the policy to Cheryl Hoffman and George Hoffman.

15. There is a substantial likelihood that Plaintiff ERIKA Sanchez will prevail on the merits of the case, through a declaratory judgment, summary judgment or trial on the merits where the rights of the parties under the contractual insurance policy based on federal interpretation of the SGLI statute are construed. Under the Code of Federal Regulations, 38 C.F.R. § 9.4 (a) states "any designation of beneficiary . . . by any member insured under Servicemembers' Group Life Insurance for full-time coverage or part-time coverage will remain in effect until properly changed by the member or canceled automatically . . . ."

Subsection (b), provides that "a change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary." 38 C.F.R. § 9.4.

Under the United States Code Annotated, 38 U.S.C.A. § 1970 (a) provides that the order of precedence is "*first, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death (1) in the uniformed services if insured under SGLI,* or (2) . . . if assigned to the Retired Reserve, and insured under SGLI . . . ." 38 U.S.C.A § 1970 (a). [Italicized for emphasis] In this case, the clear and unambiguous intent of soldier Sebastian Hoffman, was to leave all of his insurance benefits to his former wife, Plaintiff ERIKA Sanchez, that was made post-divorce and properly signed and presented to his unit administrator.

In determining whether designation was properly changed, in this case, it is relevant to consider what constitutes *receipt* by an administrative officer. In *Coomer*, the Fifth Circuit held that when a service member hands the writing, naming the beneficiary, to the person whom is in charge of receiving and maintaining the beneficiary designated forms, receipt has occurred. *Coomer v. U.S.*, 471 F.2d 1, 5 (5th Cir. 1973). The Fifth Circuit concluded that physically handing the form to the person whom the Navy put in charge of receiving and keeping the beneficiary designated forms was sufficient receipt. *Id.* The court went further to add that, "*what happens to the form after it is received by the official record keeper cannot vitiate the validly expressed intent of the insured.*" *Id.* [Italicized for emphasis.] In the present case, the Plaintiff can establish that the last-in-time designation proffered by Mr. Hoffman to his assigned unit officer awarded her one hundred percent of the life insurance policy. Under the analysis of *Coomer*, the Plaintiff is likely to prevail and be awarded the policy proceeds over the decedent's heirs-at-law.

16. Issuance of a preliminary injunction would not adversely affect the public interest. The underlying dispute between Plaintiff Sanchez and Defendant Prudential is a private matter that has no bearing on the public interest and the public interest would not be adversely affected by granting a temporary restraining order prohibiting Prudential from releasing the proceeds. The real parties-in-interest, Cheryl Hoffman and George Hoffman, will not be adversely affected by a stay in disbursement of such proceeds until this Court can properly consider the merits of the underlying suit and order appropriate relief.

    b.    *Request for Temporary Restraining Order*

17. An ex parte Temporary Restraining Order (TRO) may only be issued if (1) specified facts in an affidavit or verified complaint clearly show that the Plaintiff will suffer immediate and irreparable injury, loss or damage if the TRO is not granted before the Defendant can be heard, and (2) the Plaintiff's attorney certifies in writing wether efforts were made to give notice and why notice would not be required. FED. R. CIV. P. 65(b)(1). Notice is not required when it would be impracticable or impossible or when there are no less drastic means to

protect the plaintiff's interest. *See e.g. First Tech. Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Plaintiff would respectfully submit that the facts as reflected in ¶¶ 5-16 show that she has a superior interest in the proceeds to the insurance policy of Sebastian Hoffman, but that Defendant Prudential has confirmed it will disregard and ignore the last signed and properly tendered designation form identifying her as his sole beneficiary, because of lapses in processing and executing the form by unit. Once the monies have been released, Plaintiff will not likely have any means of recovering those monies even if a judgment were awarded in her favor. Prior to filing this suit, Plaintiff's counsel gave notice to Defendant Prudential of Ms. Sanchez' intent on bringing suit to determine her rights under the policy and requesting that Prudential cease in making any distribution and place the monies in the registry of the court or freeze the account until this Court could make a determination. Said communication was made via email and facsimile to Prudential, by and through its officer Neil Mistry, on November 4, 2015 and was acknowledged by Mr. Mistry on November 6, 2015. On November 9, 2015, Plaintiff's counsel attempted to confirm if Defendant Prudential would agree to file suit as a third party interpleader and place the subject monies with the court's registry or to hold and freeze the same. No confirming response either way was received, thereby necessitating the request for a temporary restraining order and temporary injunction.

18. In conjunction with her request for a temporary restraining order, Plaintiff Sanchez is willing to post a bond. However, Plaintiff would respectfully submit that in light of her superior rights to the proceeds under the policy and prevailing in her underlying suit, as dictated by case law interpreting the same, the requirements of a bond be dispenses or that this court require only a nominal bond, as it is within the discretion of this Court. *See e.g. Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). A court may require no bond or nominal bond if (1) the bond would effectively deny judicial review, (2) the defendant does not risk any harm, (3) the plaintiff will likely succeed based on the strengths of the case, and (4) the bond would place the Plaintiff at a financial risk. *See e.g. Moltan Co. V. Eagle-Picher Indus.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (Plaintiff likely to succeed based on strength of case; no bond required); *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2nd Cir. 1974) (Defendant faced no risk of losing money; no bond required); *Sherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) (Plaintiff likely to succeed based on strength of case; no bond required); *Board of Educ. Of Oak Park & River Forest High Sch. Dist. v. Illinois State Bd. of Educ.*, 10 F. Supp.2d 971, 981-82 (N.D. Ill 1998)(Plaintiff in financial risk; nominal $10 bond ordered); *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005)(if bond would deny judicial review, court does not have to require bond.)

In the present case, if even a ten percent bond were to be imposed upon the Plaintiff, ($40,000), she would be unable to satisfy the same and judicial review would be effectively

*Sanchez' Original Complaint*
*Page 6 of 8*

denied. Prudential does not stand to lose any monies from granting the temporary restraining order, as Defendant Prudential's sole capacity is to distribute the monies under the policy and does not risk any harm. As discussed above, the Plaintiff will likely prevail on her suit and interpretation of her rights under Mr. Hoffman's policy. And finally, following the above analysis for determining whether no bond or a nominal bond should be issued, requiring a bond that would be unreachable to the Plaintiff, resulting in her not being able to satisfy the court's bonding requirements, would effectively place her in financial risk of having the insurance policy proceeds vanish and where she would be able to recoup them from the heirs-at-law whom Prudential seeks to award.

## E. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Erika Sanchez respectfully urges this Honorable Court to grant her request for a temporary restraining order on the release of the proceeds to the policy for former servicemember Sebastian Hoffman, that the temporary restraining order be converted into a temporary injunction pending an adjudication from this Court as to her rights under the policy, that a nominal or no bond be ordered in satisfaction of her obtaining a temporary restraining order and that the upon a final judgment, this Court will find that Prudential should be ordered to release and tender the insurance policy proceeds to Plaintiff ERIKA Sanchez. Plaintiff further prays for any relief, in law or equity, to which she would be entitled.

Respectfully submitted,

THE AMSBERRY LAW FIRM, PLLC

By: *[signature]*
RUSSELL J. G. AMSBERRY
1370 Pantheon Way, Ste. 110
San Antonio, Texas 78232
Telephone: (210) 354-2244
Telecopier: (210) 354-2227
Texas Bar No. 00790228
*Attorney for Erika Sanchez*

**STATE OF TEXAS**          §
                            §
**COUNTY OF BEXAR**         §

## VERIFICATION

   Before me, the undersigned notary, on this day personally appeared ERIKA SANCHEZ, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is ERIKA SANCHEZ. I have read the Plaintiff's Original Complaint and Application for Temporary Restraining Order and Injunctive Relief. The facts stated in it are within my personal knowledge and are true and correct."

ERIKA SANCHEZ

   SWORN AND SUBSCRIBED before me by ERIKA SANCHEZ on this 10th day of November, 2015.



Notary Public, In and For
The State of Texas

## CERTIFICATE OF CONFERENCE

   The undersigned counsel certifies that reasonable efforts were made to avoid seeking a temporary restraining order and/or temporary injunction and notice was provided to Defendant Prudential prior to filing the instant suit. Notice should not be required as there is no less drastic means of protecting Plaintiff's interest in life insurance proceeds, prior to Defendant Prudential's imminent disbursement on November 11, 2015.

Russell J. G. Amsberry