FILED

JAN 12 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIKA SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL INVESTMENT MANAGEMENT, INC.,<br><br>Defendants.<br><br>and<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ERIKA SANCHEZ, LAURE HOFFMAN MIDDLETON, and MITZI A. VIAL<br><br>Counterclaim Defendant and Third-Party Defendants. | Civil Action No. 5:15-cv-00982<br><br>ANSWER, SEPARATE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT |

## ANSWER

Defendant, The Prudential Insurance Company of America (improperly pleaded as Prudential Investment Management, Inc.) ("Prudential"), an insurance company organized under the laws of the State of New Jersey, having an address at 751 Broad Street, Newark, New Jersey, by and through its attorneys, hereby Answers the Complaint of Erika Sanchez ("Complaint"), as follows:

1

## A. PARTIES

1. Prudential lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Prudential denies the allegations of paragraph 2 of the Complaint, except that Prudential admits that it is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey and it further shows that there is no dispute as to service of process.

## B. JURISDICTION

3. Answering the allegations of paragraph 3 of the Complaint, Prudential admits that the Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 (a)(1) and under 28 U.S.C. § 1331. Prudential denies the remaining allegations of paragraph 3 of the Complaint, except Prudential admits upon information and belief that Plaintiff and Prudential are domiciled in different states and that Plaintiff is a resident of Texas, admits that Prudential is organized and exists under the laws of the State of New Jersey and maintains its principal place of business in New Jersey, admits that Prudential, through the Office of Servicemembers' Group Life Insurance, provided group life insurance benefits to the Department of Veteran Affairs of the United States, pursuant to 38 U.S.C. § 1965 *et seq.*, under group contract number G-32000 ("SGLI Policy"), admits that at all relevant times the life of Sebastian Hoffman (the "Insured") was covered under the SGLI Policy in the amount of $400,000, admits that the Death Benefit minus $29.00 in owed premiums ("Net Death Benefit") is due as a consequence of the Insured's death and states that the amount in controversy is therefore $399,971.00 ("Net Death Benefit").

## C. VENUE

4. Prudential admits that, at all relevant times, the Insured was a servicemember in the United States Army Reserves. Prudential admits that following the Insured's death, the applicable branch of service, which is responsible for receiving and maintaining beneficiary designations made under the SGLI Policy, provided Prudential with three beneficiary designations pertaining to the Insured's coverage, which designations are included hereto as part of Exhibits C, D and E. These designations are written documents which speak for themselves and Prudential denies any allegation of paragraph 4 of the Complaint that is inconsistent with those documents. Prudential lacks sufficient knowledge or information to form a belief as to where the Insured's unit was located or to what drill he was assigned. Any allegation of paragraph 4 of the Complaint that is not specifically addressed herein is denied.

## D. FACTS

5. Prudential admits that following the Insured's death, the applicable branch of service, responsible for receiving and maintaining beneficiary designations made under the SGLI Policy, provided Prudential with three beneficiary designations pertaining to the Insured's coverage, which designations are included hereto as part of Exhibits C, D and E. These designations are written documents which speak for themselves and Prudential denies any allegation of paragraph 5 of the Complaint that is inconsistent with those documents or with the facts admitted herein. Prudential lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations of paragraph 5 of the Complaint.

6. Prudential lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations of paragraph 6 of the Complaint.

7. Prudential denies the allegations of paragraph 7 of the Complaint as stated except Prudential admits, upon information and belief, that the Insured committed suicide on or about June 10, 2015.

8. Prudential denies the allegations of paragraph 8 of the Complaint.

9. The allegations of paragraph 9 of the Complaint assert legal conclusions to which no response is required and, therefore, the allegations are denied.

### E. Count 1 – Plaintiff's Claim

10. Prudential denies the allegations of paragraph 10 of the Complaint.

11. Prudential denies the allegations of paragraph 11 of the Complaint.

### D. [sic] REQUEST FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER

a. *Request for Preliminary Injunction*

12. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot.  To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

13. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot.  To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

14. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request

for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot. To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

15. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot. To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

16. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot. To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

    b. *Request for Temporary Restraining Order*

17. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations contained in paragraphs 12-18 of the Complaint, is moot. To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

18. Prudential states that, as per the within Counterclaim and Third-Party Complaint in Interpleader, it intends to interplead the Net Death Benefit and, therefore, Plaintiff's Request for Preliminary Injunction & Temporary Restraining Order in her Complaint, and all allegations

contained in paragraphs 12-18 of the Complaint, is moot. To the extent the allegations of paragraph 12-18 are deemed to survive Prudential's concurrent pleading, they are denied.

### D. [sic] CONCLUSION

**WHEREFORE,** Defendant, The Prudential Insurance Company of America (improperly pleaded as Prudential Investment Management, Inc.) prays that judgment be entered dismissing with prejudice Plaintiff's Complaint against it in its entirety and awarding Prudential attorneys' fees, costs of suit, interest and such other and further relief as the Court deems just and proper.

### SEPARATE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Prudential has fully performed the terms and conditions of the SGLI Policy and is ready, willing and able to deposit the Net Death Benefit into the Court's registry.

3. Plaintiff's claims are barred or limited by the terms, conditions, definitions, and other provisions of the SGLI Policy and/or applicable law.

4. Plaintiff's claims may be barred or limited by the equitable doctrine of laches, waiver or estoppel.

5. Plaintiff's Complaint is moot by operation of the within Counterclaim and Third-Party Complaint in Interpleader.

6. Prudential reserves the right to amend its answer and/or assert additional defenses and/or supplement, alter and/or change its answer.

**WHEREFORE,** Defendant, The Prudential Insurance Company of America (improperly pleaded as Prudential Investment Management, Inc.) prays that judgment be entered dismissing Plaintiff's Complaint in its entirety with prejudice and awarding Prudential attorneys' fees, costs of suit, interest and such other and further relief as the Court deems just and proper.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER

Defendant, The Prudential Insurance Company of America (improperly pleaded as Prudential Investment Management, Inc.) ("Prudential"), hereby files this Counterclaim and Third-Party Complaint for Interpleader and in support thereof alleges and says as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 751 Broad Street, Newark, New Jersey.

2. Upon information and belief, Plaintiff Erika Sanchez ("Erika") is an adult individual who resides in New Braunfels, Texas and is the ex-wife of Sebastian Theodore Hoffman, deceased ("Insured"). Erika is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

3. Upon information and belief, Laure Hoffman Middleton ("Laure") is an adult individual who resides in Austin, Texas and is the sister of the Insured. Laure is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

4. Upon information and belief, Mitzi A. Vial ("Mitzi") is an adult individual who resides in San Antonio, Texas and is the sister of the Insured. Mitzi is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 as the underlying claims at issue involve rights and liabilities governed by federal law, more particularly, the Serviceman's Group Life Insurance statute ("SGLI"), 38 U.S.C. § 1965, *et seq.*

6. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because complete diversity exists and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because it is the judicial district in which a substantial part of the events giving rise to these claims occurred.

## FACTS SUPPORTING INTERPLEADER

8. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to 38 U.S.C. § 1965 et. seq., under group policy number G-32000 ("SGLI Policy"). Attached hereto as Exhibit A is a true and correct copy of the SGLI Policy.

9. At all relevant times, the life of the Insured was covered under the SGLI Policy in the amount of $400,000.

10. On or about July 10, 2015, the Insured died. Attached hereto as Exhibit B is a true and correct copy of the Death Certificate, as provided to Prudential.

11. As a consequence of the Insured's death, a death benefit in the amount of $400,000 minus $29.00 in owed premium became payable, for a difference of $399,971.00 ("Net Death Benefit"),.

12. Following the Insured's death, the United States Army Reserves forwarded to OSGLI various documentation potentially relevant to the processing of claims for the Net Death Benefit. This documentation included the documents attached hereto as Exhibits C, D and E.

13. Exhibit C hereto is a Servicemembers' Group Life Insurance Election and Certificate, dated June 4, 2011. This Certificate bears the Insured's electronic signature, bears the date of June 4, 2011, and designates Laure and Mitzi as co-equal primary beneficiaries of the Net Death Benefit. This Certificate indicates that it was received and/or accepted by the applicable branch of service.

14. Exhibit D hereto is a Servicemembers' Group Life Insurance Election and Certificate, dated August 6, 2011. This Certificate bears what purports to be the Insured's signature, bears the date of August 6, 2011, and designates Erika as beneficiary of 75% of the Net Death Benefit and Laure as beneficiary of 25% of the Net Death Benefit. This Certificate does not bear any indication that it was submitted, received and/or accepted by the clerk for the applicable branch of service.

15. Exhibit E hereto includes a letter from Richard G. Teniente, Unit Administrator, dated September 1, 2015 and a Servicemembers' Group Life Insurance Election and Certificate, dated September 30, 1975. This Certificate bears what purports to be the Insured's signature with what appears to be an incorrect date of September 30, 1975 (the Insured's date of birth) and designates Erika as the sole primary beneficiary of the Net Death Benefit. The Certificate identifies Richard G. Teniente as the name of the branch of service personnel clerk who purportedly completed the Certificate with the Insured, but the Certificate does not bear Mr. Teniente's signature. In his letter, Mr. Teniente indicates that he cannot validate the Certificate and that it appears to him to have been altered.

16. Due to its incorrect date, it is unknown to Prudential whether the beneficiary designation on the Certificate included at Exhibit E predates or post-dates either of the other beneficiary designations.

17. Further, it does not appear that the beneficiary designation made on the Certificate included at Exhibit E was properly received by the applicable branch of service and, instead, there has been an allegation that the Certificate may have been altered.

18. Similarly, it does not appear that the beneficiary designation made on the Certificate at Exhibit D was properly received by the applicable branch of service.

19. Accordingly, Erika, Laure and Mitzi (collectively, the "Claimants") each have a potential claim to all or part of the Net Death Benefit.

20. The Claimants have each submitted a claim to Prudential for the Net Death Benefit. Attached hereto as Exhibit F is a true and correct copy of a Claim for Death Benefits form from Erika, dated July 15, 2015. Attached hereto as Exhibit G is a true and correct copy of a Claim for Death Benefits form from Mitzi, dated August 3, 2015. Attached hereto as Exhibit H is a true and correct copy of a Claim for Death Benefits form from Laure, dated August 9, 2015.

### THE APPROPRIATENESS OF INTERPLEADER

24. Prudential claims no title to or interest in the benefits payable under the SGLI Policy on account of the death of the Insured and is ready and willing to pay the Net Death Benefit to the person or persons entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by the Claimants.

25.     Prudential has no means other than this interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to the Net Death Benefit on the part of the Claimants.

26.     Prudential is a mere stakeholder in this action, having and claiming no interest in the Net Death Benefit payable upon the death of the Insured. Prudential is ready, willing, and hereby offers to deposit the Net Death Benefit, together with applicable claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A.     Directing Prudential to deposit with the Clerk of the Court the Net Death Benefit, together with applicable claim interest, if any;

B.     Directing the Claimants to interplead their rights to such sum;

C.     Restraining the Claimants and each of them, from instituting any action against Prudential to recover the Net Death Benefit;

D.     Discharging Prudential from all liability to the defendants arising out of the matters herein set forth upon payment of the Net Death Benefit, together with applicable claim interest, if any, into this Court;

E.     Entry of an Order awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action; and

F.     Such other relief as is deemed just and proper.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
4801 N.W. Loop 410, Ste. 525
San Antonio, Texas 78229
T: (210) 340-1818
F: (210) 340-4073
E: service@pgtxlaw.com

*/s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
pgarcia@pgtxlaw.com
MARTINA MERITZ
State Bar No. 24037098
mmeritz@pgtxlaw.com
KRISHNA REDDY
State Bar No. 24065954
kreddy@pgtxlaw.com
JENNA REBLIN
State Bar No. 24071548
jreblin@pgtxlaw.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to the Texas and/or Federal Rules of Civil Procedure, that on this the 12th day of January, 2016 a true and correct copy of the foregoing was forwarded to all counsel of record properly addressed as follows:

Russell J. G. Amsberry
The Amsberry Law Firm, PLLC
1320 Pantheon Way, Suite 110
San Antonio, Texas  78232
*Via Facsimile: 210 354-2227 and email: r.amsberry@amsberrylaw.com*

*/s/ Paul Garcia*
PAUL GARCIA