UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ERICKA SANCHEZ,**<br>**Plaintiff,**<br><br>v.<br><br>**PRUDENTIAL INVESTMENT**<br>**MANAGEMENT, INC.,**<br>**Defendant**<br><br>**and**<br><br>**THE PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA,**<br>**Third-Party Plaintiff,**<br><br>v.<br><br>**ERICKA SANCHEZ, LAURE**<br>**HOFFMAN MIDDLETON, and MITZI**<br>**A. VIAL,**<br>**Counterclaim Defendant and Third-Party**<br>**Defendants** | Civil Action No. 5:15-cv-00982<br><br>**ANSWER OF THIRD-PARTY**<br>**DEFENDANT, LAURE HOFFMAN**<br>**MIDDLETON, AND REQUEST FOR**<br>**DECLARATORY RELIEF** |

## ANSWER

Third-Party Defendant Laure Hoffman Middleton ("Laure"), an individual residing in the State of Oregon, by and through her attorney of record, hereby Answers the Counterclaim and Third-Party Complaint for Interpleader ("Complaint") of Defendant and Third-Party Plaintiff, The Prudential Insurance Company of America ("Prudential") as follows:

## PARTIES

1.   Laure lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

1

2. Laure admits the allegations of paragraph 2 of the Complaint to the extent that Plaintiff Erika Sanchez ("Erika") is an adult individual who resides in New Braunfels, Texas and is the former spouse of Sebastian Theodore Hoffman, deceased ("Insured"). Laure denies the allegation that Erika is a putative beneficiary of the life insurance proceeds at issue in this action to the extent that "putative" may imply Erika is the acknowledged, accepted, or assumed beneficiary.

3. Laure denies the allegation of paragraph 3 that she resides in Austin, Texas. All other allegations of paragraph 3 are admitted.

4. Laure admits the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Laure admits the allegation of paragraph 5 that the underlying claims at issue involve rights and liabilities governed by federal law, but lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations regarding any specific statute's applicability, *vel non*.

6. Laure admits the allegation of paragraph 6 that the amount in controversy exceeds $75,000.00 and the existence of complete diversity.

7. Laure admits the allegations of paragraph 7.

## FACTS SUPPORTING INTERPLEADER

8. Laure has no reason to dispute the allegations of paragraph 8 to the extent that they are consistent with Exhibit A attached to the Complaint, a written document which speaks for itself, and therefore admits the allegations of paragraph 8 to the extent they do not contradict Exhibit A.

9. Laure admits the allegation of paragraph 9.

10. Laure admits the allegation of paragraph 10.

11. Laure has no reason to dispute the allegations of paragraph 11 to the extent that they are consistent with Exhibit A attached to the Complaint, a written document which speaks for itself, and therefore admits the allegations of paragraph 11 to the extent that they do not contradict Exhibit A.

12. Laure lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Laure admits the allegations of paragraph 13 to the extent they are accurate recitals of the content of Exhibit C of the Complaint, a written document which speaks for itself.

14. Laure admits the allegations of paragraph 14 to the extent they are accurate recitals of the content of Exhibit D of the Complaint, a written document which speaks for itself.

15. Laure admits the allegations of paragraph 15 to the extent they are accurate recitals of the content of Exhibit E of the Complaint, written documents which speak for themselves.

16. Laure admits the date on the beneficiary designation in Exhibit E of the Complaint is incorrect. Laure lacks sufficient knowledge or information to form a belief as to the truth of any other allegation of paragraph 16.

17. Laure admits that there has been an allegation that the Certificate included at Exhibit E of the Complaint may have been altered. Laure is unfamiliar with what the "applicable branch of service" would be, or how the Certificate included at Exhibit E of the Complaint would be "properly received" by same, and therefore cannot form a belief as to the truth of the remaining allegation of paragraph 17.

18.     Laure is unfamiliar with what the "applicable branch of service" would be, or how the Certificate included at Exhibit D of the Complaint would be "properly received" by same, and therefore cannot form a belief as to the truth of the allegation of paragraph 18.

19.     Laure admits that Erika has asserted a claim in this proceeding to all of the Net Death Benefit; Laure denies the allegation of paragraph 19 to the extent that it may support or concede the validity of such a claim.  All other allegations of paragraph 19 are admitted.

20.     Laure admits the allegations of paragraph 20 to the extent they are accurate recitals of the content of Exhibit F, Exhibit G, and Exhibit H of the Complaint, written documents which speak for themselves.

## THE APPROPRIATENESS OF INTERPLEADER

21.     Laure lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, particularly with respect to any legal conclusion regarding Prudential's exposure to liability in this matter.

22.     Laure lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, particularly with respect to any legal conclusion regarding Prudential's means of protecting itself from claims.

23.     Laure denies the allegation in paragraph 26 of the Complaint that Prudential is "a mere stakeholder in this action" to the extent that Prudential is or may be liable in some capacity associated with the underlying facts and events of this case.  Laure lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of paragraph 26 of the Complaint.

## REQUEST FOR DECLARATORY RELIEF

### PARTIES

1. Laure Hoffman Middleton is an individual residing in the State of Oregon, and is the sister of the Insured. Laure is a beneficiary of the death benefit under the Policy at issue in this proceeding.

2. Mitzi A. Vial is an individual residing in Canyon Lake, Comal County, Texas, and is the sister of the Insured. Mitzi is a beneficiary of the death benefit under the Policy at issue in this proceeding.

3. Erika Sanchez is an individual residing in New Braunfels, Texas, and is the former spouse of the Insured. Erika is alleging in this proceeding that she is the beneficiary of the death benefit under the Policy.

4. On information and belief, Prudential is an insurance company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 751 Broad Street, Newark, New Jersey.

### JURISDICTION

5. This Court has original jurisdiction over this action under the provisions of 28 USC § 1331, as the underlying claims at issue involve rights and liabilities governed by federal law.

6. This Court has diversity jurisdiction over this matter pursuant to 28 USC § 1332, because complete diversity exists and the amount in controversy exceeds $75,000.00.

### VENUE

7. Venue is proper in this district pursuant to 28 USC § 1391(b) because it is the judicial district in which a substantial part of the events giving rise to these claims occurred.

**FACTS**

8. It is undisputed that at all relevant times, the Insured was a servicemember in the United States Army Reserves and maintained an SGLI policy, Group Policy No. G-32000, through Prudential, with a gross death benefit of $400,000.00 ("the Policy").

9. It is undisputed that on or about June 4, 2011, the Insured made a valid designation of Mitze and Laure as beneficiaries of the Policy, with each to receive fifty-percent of the death benefit, respectively.

10. On information and belief, two additional Servicemembers' Group Life Insurance Election and Certificate forms allegedly came into the possession of the branch of service responsible for receiving and maintaining beneficiary designations. On information and belief, each of these additional Servicemembers' Group Life Insurance Election and Certificate forms are defective in some manner, and are ineffective to alter or change the designation of Mitze and Laure as beneficiaries of the death benefit under the Policy.

11. It is undisputed that the Insured passed away on July 10, 2015. Approximately five days after the Insured's death, Erika filed a claim for the death benefit through Prudential.

12. Mitzi and Laure each filed a claim for the death benefit through Prudential in August 2015.

**PRAYER**

Therefore, Third-Party Defendant Laure Hoffman Middleton requests that this Court grant the following relief:

I.     A judgment is entered declaring that on or about June 4, 2011, the Insured made a valid designation of Mitze A. Vial and Laure Hoffman Middleton as beneficiaries of the Policy, with each to receive fifty-percent of the death benefit, respectively; and further declaring that the two additional Servicemembers' Group Life Insurance Election and Certificate forms in the possession of the branch of service responsible for receiving and maintaining beneficiary designations are defective, and are ineffective to alter or change the designation of Mitze A. Vial and Laure Hoffman Middleton as beneficiaries of the Policy.

II.    A judgment is entered declaring that Laure Hoffman Middleton is entitled under the Policy and applicable law to fifty-percent (50%) of the death benefit;

III.   An order is entered directing Prudential to disperse fifty-percent (50%) of the death benefit payable under the Policy and applicable law, together with applicable interest, if any, to Laure Hoffman Middleton pursuant to the claim for death benefit she filed with Prudential by a date certain, or, alternatively, in the event that the death benefit has been deposited into the registry of the Court, an order is entered directing the Clerk of the Court to disperse fifty-percent (50%) of said funds, together with applicable interest, if any, to Laure Hoffman Middleton by a date certain.

IV.    An order is entered restraining Erika Sanchez from instituting any action against Laure Hoffman Middleton to recover the death benefit, or any other action against Laure Hoffman Middleton associated with the Policy.

V.     An order is entered awarding Laure Hoffman Middleton payment of her reasonable and necessary attorney's fees and costs incurred in the bringing of this action; and

VI.     All other and further relief to which Laure Hoffman Middleton may be entitled as the Court deems just and proper.

                                                Respectfully submitted,

                                                JAMIE GRAHAM & ASSOCIATES, PLLC
Tower Life Building
310 S. St. Mary's St., Suite 2500
San Antonio, Texas 78205
Tel: (210) 308-6448
Fax: (210) 308-5669

By: /s/Jamie L. Graham
    Jamie L. Graham
    State Bar No. 24027335
    sarahanne@jamiegrahamlaw.com
    Attorney for Laure Hoffman Middleton

**Certificate of Service**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was served on all counsel of record on February 5, 2016 as follows:

*Via Facsimile: 210-354-2227 and email: r.amsberry@amsberrylaw.com*
THE AMSBERRY LAW FIRM, PLLC
Russell J.G. Amsberry
1370 Pantheon Way, Suite 110
San Antonio, Texas 78232
Attorney for Erika Sanchez

*Via Facsimile: 340-4073 and email: pgarcia@pgtxlaw.com*
PAUL GARCIA & ASSOCIATES
Paul Garcia
4801 NW Loop 410, Suite 525
San Antonio, Texas 78229
Attorney for The Prudential Insurance Company of America

                                                /s/Jamie L. Graham
                                                Jamie L. Graham
                                                Attorney for Laure Hoffman Middleton