UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ERIKA SANCHEZ**<br>    *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | SA-CV-5:15-CV-00982 DAE |
| | § | |
| **PRUDENTIAL INVESTMENT** | § | |
| **MANAGEMENT, INC.,** | § | |
|     *Defendants.* | § | |
| | § | |
| **and** | § | **ERICA SANCHEZ' MOTION TO** |
| | § | **COMPEL THIRD PARTY DEPONENT** |
| | § | **TO APPEAR AND PRODUCE** |
| **THE PRUDENTIAL INSURANCE** | § | **DOCUMENTS** |
| **COMPANY OF AMERICA,** | § | |
| | § | |
|     *Third-Party Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ERIKA SANCHEZ, LAURE HOFFMAN** | § | |
| **MIDDLETON, and MITZI A. VIAL** | § | |
| | § | |
|     *Counterclaim Defendant and* | § | |
|     *Third-Party Defendants* | § | |

## ERIKA SANCHEZ'S MOTION TO COMPEL THIRD-PARTY DEPONENT TO APPEAR AND PRODUCE DOCUMENTS

TO THE HONORABLE JUDGE DAVID EZRA:

    NOW COMES, ERIKA SANCHEZ, Third Party Plaintiff, and files this her motion to compel the attendance of Joseph Brown to appear at a deposition by written questions, which was properly served upon him in accordance with Fed. R. Civ. P. 45(a)(1)(A)(iii). In support of the same, movant would respectfully show the following:

    1.    Plaintiff's Notice of Deposition By Written Questions and attached Deposition By

Written Questions To Joseph Brown were issued on or about May 4, 2016.  *See* attached hereto and incorporated by reference a true and correct copy of the Plaintiff's Notice of Deposition By Written Questions accompanying the Notice of Deposition by Written Questions issued and properly served upon Mr. Brown, as Exhibit 1.

2.       On or about May 26, 2016, the undersigned received a call and subsequent letter from Mr. Michael A. Suire, attorney-advisor, who refused to have Mr. Brown appear for a deposition as a thirty-party witness on grounds of alleged sovereign immunity and a lack of alleged specificity as to the documents and items being requested in conjunction with the underlying SGLI policy proceeds that forms the basis of the suit.  *See* a copy of Mr. Suire's letter which is attached hereto and incorporated herein by reference as Exhibit 2.

3.       In his May 26, 2016 letter, Mr. Suire concedes that Mr. Brown with the U.S. Army Human Resource Command was given ample notice to appear.  His other reasons as stated above, however, are without foundation.  His first written contention that the subpoena was not specific enough is without foundation and indeed he withdrew his objections on those grounds in response to a letter sent to him dated June 28, 2016, establishing *inter alia* that sovereign immunity is inapplicable as the US Army is not a litigant in this matter.  *See* attached hereto and incorporated by reference a true and correct copy of the undersigned's correspondence dated June 28, 2016 and responsive letter from Mr. Suire on July 1, 2016, as respectively Exhibits 3 and 4.

4.       The US Army, by and through Mr. Suire in this matter, has effectively objected to and refused to produce Mr. Brown who was the officer responsible for processing Sebastian Hoffman's SGLI policy and making determinations as to beneficiaries which were forwarded to Prudential, without entering a formal appearance or filing a motion for protective order.  Ultimately, the position of Mr. Suire is best captured in his latest correspondence where he states that "we [Office of General

Law and Litigation] stand ready to produce Mr. Brown for the subject deposition if [the undersigned] can provide a deposition subpoena or court order signed by a judge of competent jurisdiction." He further ends his letter confirming, "the Army will not block access to witnesses or documents to which you are lawfully entitled when you otherwise comply with our regulatory requirements."

5.      Erika Sanchez respectfully urges this Court to issue an Order that will require Joseph Brown to appear and produce relevant documents to the underlying dispute within a period of fifteen days or less, so as to avoid buttressing against the discovery deadlines in this case. In addition, Mr. Suire has suggested that the documents requested have already been culled and Mr. Joseph Brown is ready to appear for the deposition, upon receipt of an order from this Court.

WHEREFORE, PREMISES CONSIDERED, Third-Party Erika Sanchez respectfully requests this Honorable Court to enter an Order that compels Joseph Brown to appear with requested documents on a date certain within fourteen days. The information and documents requested are integral to establishing the rights and respective interest of the parties to this litigation.

Respectfully submitted,

THE AMSBERRY LAW FIRM, PLLC

By: _____
RUSSELL J. G. AMSBERRY
Texas Bar No. 00790228
1370 Pantheon Way, Ste. 110
San Antonio, Texas 78232
Telephone: (210) 354-2244
Telecopier: (210) 354-2227
*Attorney for Erika Sanchez*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to Defendant, by and through its attorney, Paul Garcia, Paul Garcia & Associates and Jamie L. Graham Jamie Graham & Associates, PLLC on this the 8th day of July, 2016.

Russell J. G. Amsberry

EXHIBIT "1"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIKA SANCHEZ | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | SA-CV-5:15-CV-00982 DAE |
| | § | |
| PRUDENTIAL INVESTMENT | § | |
| MANAGEMENT, INC., | § | |
| *Defendants.* | § | |
| | § | |
| and | § | PLAINTIFF'S NOTICE OF DEPOSITION |
| | § | BY WRITTEN QUESTIONS |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| *Third-Party Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| ERIKA SANCHEZ, LAURE HOFFMAN | § | |
| MIDDLETON, and MITZI A. VIAL | § | |
| | § | |
| *Counterclaim Defendant and* | § | |
| *Third-Party Defendants* | § | |

PLAINTIFF'S NOTICE OF DEPOSITION BY WRITTEN QUESTIONS

To:   Prudential Investment Management Inc., and The Prudential Insurance Company
of America,  through its attorney of record,
Paul Garcia, Paul Garcia & Associates
4801 N.W. Loop 410, Suite 525
San Antonio, Texas 78229

Laure Hoffman, Middleton and Mitzi A. Vial, through its attorney of record,
Jamie L. Graham
Jamie Graham & Associates, PLLC
Tower Life Building
310 S. St. Mary's St., Suite 2500
San Antonio, Texas 78205

Please take notice that Plaintiff, ERIKA SANCHEZ, by and through her attorney of record, Russell J. G. Amsberry, will take the Deposition By Written Questions of **JOSEPH S. BROWN,** Casualty Assistance Officer, United States Army Human Resources Command, Bldg., Fl 2, Rm. 028, Ft. Knox, Kentucky in accordance with Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii).

1. The deposition will be taken by Taylor Court Reporter at 312 S., 4th Street #700, Louisville, Kentucky 40202, on June 6, 2016 at 9:00 a.m.

2. A copy of questions to be asked at the deposition is attached.

3. Under Federal Rules of Civil Procedure 31(a)(1) and 45(a)(1)(A)(iii), Joseph S. Brown is requested to produce the following discoverable information at the deposition:

   a. Any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations, and or tangible items, including but not limited to the SGLV 8286 Forms completed by Sebastian T. Hoffman for the purposes of making his beneficiary designations for the SGLI policy afforded to him by the U. S. Army.

   b. Any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items illustrating any and all communications by and/or communications concerning the unit administrator that was authorized and/or assigned  to handle Mr. Sebastian T. Hoffman's beneficiary designation forms.

   c. Any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items illustrating any and all communications between Mr. Sebastian T. Hoffman and the unit administrators pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy with the U.S. Army.

   d. Any and all documents, forms, letters, memorandums, notes, emails or other electronically stored information, communications, investigations, and/or tangible items submitted from the U.S. Army to the Office of Servicemen's Group Life Insurance company pertaining to Mr. Sebastian T. Hoffman, Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

   e. Any and all documents, forms, notes, letters, memorandums, emails or other electronically stored information, communications, investigations and/or tangible items contained in the DCIPS under SGLI tab pertaining to Mr.

Sebastian T. Hoffman, Mr. Sebastian T. Hoffman's beneficiary designation, for his SGLI policy and/or Ms. Erika Sanchez.

f.   Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations, and/or tangible items received from the Office of Servicemen's Group Life Insurance company by the U.S. Army pertaining to Mr. Sebastian T. Hoffman, Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

g.   Any and all documents, forms, notes, letters, memorandums, emails or other electronically stored information, communications, investigations, and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Joseph S. Brown, Casualty Assistance Program Action Officer, U.S. Army, Human Resource Command pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

h.   Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations, and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Gerardo I. Dominguez, Major, Inspector General, U.S. Army North, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

I.   Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Major Mann, U.S. Army, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

j.   Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Ms. Kourtney Flete, U.S. Army, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy,, and/or Ms. Erika Sanchez.

k.   Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Lt. Col Weidemann, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

l.    Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stores information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of  Taybe L. Spitler, Jr., FSC, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designations for his SGLI policy and/or Ms. Erika Sanchez.

m.    Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Jose A. Diaz-Gonzales, MSG, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy and/or Ms. Erika Sanchez.

n.    Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Shatoya P. Aylor, SFC U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

o.    Any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Endya A. Farris, SPC, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez.

p.    Any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations, and/or tangible items illustrating any and all communications concerning Mr. Sebastian T. Hoffman's beneficiary designation and/or Ms. Erika Sanchez.

q.    Any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations, and/or tangible items illustrating the name of the Unit Administrator(s) to Sebastian T. Hoffman on August 6, 2011.

r.    Any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations, and/or tangible items illustrating the dates that Richard G. Teniente was the Personnel Clerk for the unit Sebastian T. Hoffman was assigned.

s.    Any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations,

and/or tangible items illustrating the dates that the GL2010.094 Ed. 06/2011 (Supercedes all previous versions of SGLV 8285 and SGLV B285) was provided to the Unit Administrators and/or Personnel Clerk for the unit Sebastian T. Hoffman was assigned.

t.      Any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations and/or tangible items illustrating the name(s) of the Unit Administrators and/or Personnel Clerk for the unit Sebastian T. Hoffman was assigned from June 1, 2011 through July 15, 2016 and the dates thereof.

4.      Plaintiff gives notice that Defendant, Prudential Insurance Company of America, Laure Hoffman Middleton and Mitzi A. Vial may submit any questions in accordance with Federal Rules of Civil Procedure, Rule 31(4).

Respectfully submitted,

THE AMSBERRY LAW FIRM, PLLC

By: _Russell J G Amsberry_
        RUSSELL J. G. AMSBERRY
        Texas Bar No. 00790228
        1370 Pantheon Way, Ste. 110
        San Antonio, Texas 78232
        Telephone: (210) 354-2244
        Telecopier: (210) 354-2227
        *Attorney for Erika Sanchez*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to Defendant, by and through its attorney, Paul Garcia, Paul Garcia & Associates and Jamie L. Graham Jamie Graham & Associates, PLLC on this the 9th day of May, 2016.

_Russell J G Amsberry_
Russell J. G. Amsberry

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIKA SANCHEZ | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | SA-CV-5:15-CV-00982 DAE |
| | § | |
| PRUDENTIAL INVESTMENT | § | |
| MANAGEMENT, INC., | § | |
| | § | |
|    *Defendants.* | § | |
| | § | |
| and | § | DEPOSITION BY WRITTEN |
| | § | QUESTIONS TO JOSEPH S. BROWN |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
|    *Third-Party Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| ERIKA SANCHEZ, LAURE HOFFMAN | § | |
| MIDDLETON, and MITZI A. VIAL | § | |
| | § | |
|    *Counterclaim Defendant and* | § | |
|    *Third-Party Defendants* | § | |

<u>**DEPOSITION BY WRITTEN QUESTIONS TO JOSEPH S. BROWN**</u>

1.    Please state your full name, occupation, and official title.

ANSWER: _____

2.    Were you the Casualty Assistance Officer that was responsible or partly responsible for investigation of the controversy surrounding the beneficiary designation of Sebastian T. Hoffman pertaining for the U.S. Army SGLI policy?

ANSWER: _____

3.  Did you inform Erika Sanchez that she was the last individual named by Sebastian T. Hoffman to be his beneficiary for the U.S. Army SGLI policy for his life insurance?

ANSWER: _____

4.  Please list below how you came to believe that Erika Sanchez was the last named beneficiary of Sebastian T. Hoffman for the U.S. Army SGLI policy for his life insurance.

ANSWER: _____

_____

_____

5.  Do you have access to Sebastian T. Hoffman's completed SGLV 8285 and 8286 forms?

ANSWER: _____

6.  Who is the custodian of records for the Army's SGLI policies?

ANSWER: _____

7.  Who was the Unit Administrator and/or Personnel Clerk for Sebastian T. Hoffman from January 1, 2011 through July 15, 2016.  Please state the dates thereof.

ANSWER: _____

_____

8.  Have you been served with a subpoena for the production of any and all documents and forms, including but not limited to all SGLV 8285 and 8286 forms completed by Mr. Sebastian T. Hoffman?

ANSWER: _____

9.  Do you understand that the subpoena requests all records in your possession, custody, or control relating to any and all beneficiary designations made by Sebastian T. Hoffman and is not limited to records relating only to the acts by the unit

administrator mishandling Mr. Hoffman's beneficiary designation form naming Erika Sanchez as sole beneficiary?

ANSWER:_____

10.  Were the requested documents and forms, including the SGLV 8285 and 8286 forms completed by Mr. Sebastian T. Hoffman kept by employees, representatives, and/or agents of the U.S. Army, U.S. Army Reserves, Uniformed Services, Personnel Clerks, Casualty Assistance Officer, and employees, representatives and/or agents of the Payroll Office and/or Human Resources Office for the member's unit?

ANSWER:_____

11.  Were the requested documents and forms including the SGLV 8285 and 8286 forms completed by Mr. Sebastian T. Hoffman made at or near the time of the act, event, or matter identified in the records?

ANSWER:_____

12..  For each SGLV 8285 and 8286 form completed by Sebastian T. Hoffman designating his beneficiary, please state the date that each of the Forms were given to the unit administrator.

ANSWER:_____

13.  Were the requested documents and forms including the SGLV 8285 and 8286 forms completed by Mr. Sebastian T. Hoffman made in the regular course of the business of the U.S. Army?

ANSWER:_____

14.  Were the requested documents and forms, including the SGLV 8285 and 8286 forms completed by Mr. Sebastian T. Hoffman transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for the U.S. Army?

ANSWER:_____

_____

15.     Please hand the originals or exact duplicates of any and all documents and forms, including all SGLV 8285 and 8286 Forms completed by Sebastian T. Hoffman for the purposes of designating beneficiaries on his SGLI policy to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition.

ANSWER: _____

16      Have you now given all of the forms and documents, including but not limited to the SGLV 8285 and 8286 Form completed by Mr. Sebastian T. Hoffman to the Court Reporter/Notary Public?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER:_____

_____

_____

17.     Please hand the originals or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items illustrating any and all communications by and/or communications concerning the unit administrator that was authorized and/or assigned to handle Mr. Sebastian T. Hoffman's beneficiary designation forms to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition.

ANSWER: _____

18.     Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 13 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

19.   Please hand the originals or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items illustrating any and all communications between Mr. Sebastian T. Hoffman and the unit administrators pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy with the U.S. Army to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition.

ANSWER: _____

20.   Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 15 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

21.   Please hand the originals or exact duplicates of any and all documents, forms, letters, memorandums, notes, emails or other electronically stored information, communications, investigations, and/or tangible items submitted from the U.S. Army to the Office of Servicemen's Group Life Insurance company pertaining to Mr. Sebastian T. Hoffman, Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public who is taking the deposition for photocopying and attachment to this deposition.

ANSWER: _____

22.   Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in

Question No. 17 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

23.     Please hand the original or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails or other electronically stored information, communications, investigations and/or tangible items contained in the DCIPS under SGLI tab pertaining to Mr. Sebastian T. Hoffman, Mr. Sebastian T. Hoffman's beneficiary designation, for his SGLI policy and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying and attachment to the deposition.

ANSWER: _____

24.     Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 19 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

25.     Please hand the originals or the exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations, and/or tangible items received from the Office of Servicemen's Group Life Insurance company by the U.S. Army pertaining to Mr. Sebastian T. Hoffman, Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the

deposition for photocopying and attachment to this deposition.

ANSWER: _____

26. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 21 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

27. Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails or other electronically stored information, communications, investigations, and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Joseph S. Brown, Casualty Assistance Program Action Officer, U.S. Army, Human Resource Command pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking this deposition for photocopying and attachment to this deposition.

ANSWER: _____

28. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 23 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

29.     Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations, and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Gerardo I. Dominguez, Major, Inspector General, U.S. Army North, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking this deposition for photocopying and attachment to the deposition.

ANSWER: _____

30.     Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 25 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?   If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

31.     Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Major Mann, U.S. Army, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public for photocopying and attachment to the deposition.

ANSWER: _____

32.     Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 27 to the Court Reporter/Notary Public taking your deposition for

photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

33.   Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Ms. Kourtney Flete, U.S. Army, Ft. Sam Houston pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy,, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public for photocopying and attachment to the deposition.

ANSWER: _____

34.   Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 29 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

35.   Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody, and/or control of Lt. Col Weidemann, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking this deposition for photocopying and attachment to the deposition.

ANSWER: _____

36. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 31 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

37. Please give the originals or the exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stores information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Taybe L. Spitler, Jr., FSC, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designations for his SGLI policy and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying and attachment to the deposition.

ANSWER: _____

38. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 33 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

39. Please give the originals or exact duplicates of any and all documents, forms, notes,

letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Jose A. Diaz-Gonzales, MSG, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying for the deposition.

ANSWER: _____

40.   Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 35 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

41.   Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Shatoya P. Aylor, SFC U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying and attachment to the deposition.

ANSWER: _____

42.   Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 37 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

43. Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums, emails, or other electronically stored information, communications, investigations and/or tangible items prepared by, received by, and/or in the possession, custody and/or control of Endya A. Farris, SPC, U.S. Army pertaining to Sebastian T. Hoffman's beneficiary designation for his SGLI policy, and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying and attachment to the deposition.

ANSWER: _____

44. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored information, communications, investigations and/or tangible items requested in Question No. 39 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition?  If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

45. Please give the originals or exact duplicates of any and all documents, forms, notes, letters, memorandums and emails or other electronically stored information, communications, investigations, and/or tangible items illustrating any and all communications concerning Mr. Sebastian T. Hoffman's beneficiary designation and/or Ms. Erika Sanchez to the Court Reporter/Notary Public taking the deposition for photocopying and attachment to the deposition.

ANSWER: _____

46. Have you now given the original or the exact duplicates of any and all documents, forms, letters, memorandums, notes, and emails or other electronically stored

information, communications, investigations and/or tangible items requested in Question No. 41 to the Court Reporter/Notary Public taking your deposition for photocopying and attachment to this deposition? If not, identify for the {court reporter/notary public} the records and documents you did not produce and explain why you did not produce them.

ANSWER: _____

_____

_____

47. How long does the U.S. Army maintain its files, and does the U.S. Army ever destroy its files?

ANSWER: _____

_____

_____

48. Are you aware of any other personnel, unit administrators, investigators, employees, servants, agents and/or representatives of the U.S. Army and any insurance company that may have possession of records relating to the subject matter of this lawsuit? If so, please identify that entity or person.

ANSWER: _____

_____

_____

49. Have you been requested or directed by any person to withhold or protect, for any reason, the records requested in Plantiff's subpoena? Has any person suggested that you should withhold or protect the records requested in Plaintiff's subpoena? If so, please identify the name, address, phone number and title of the person who conveyed this information to you and when that occurred.

ANSWER: _____

_____

50..    Do you know or have reason to believe that the records requested in Plaintiff's subpoena have in any manner been edited, purged, culled, deleted, or otherwise altered or removed? If so, please identify the records and why they were altered or removed.

ANSWER:_____

_____

_____

51.     Will copies of the records identified in these questions be attached to your responses?

ANSWER:_____

_____

_____

**EXHIBIT "2"**



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY 40122

AHRC-JA                                                                                    May 26, 2016

Mr. Russell J. G. Amsberry
Amsberry Law Firm
1370 Pantheon Way
Suite 110
San Antonio, Texas 78232

SUBJECT:  Subpoena in the matter of <u>Sanchez v. Prudential</u>, Cause No. SA-CV-00982

This responds to your request for Mr. Joseph S. Brown to attend a deposition along with certain defined documents currently held in the custody of the U.S. Army Human Resources Command at Fort Knox, Kentucky.  I have reviewed the subpoena.

The subpoena does not comply with Department of the Army (DA) regulations governing disclosure of official information.  <u>See</u> 32 C.F.R. §§ 516.40 et seq.  It was timely having been "submit[ted], at least 14 days before the desired date of production".

Although timely, the subpoena is not "a specific written request setting forth the nature and relevance of the official information sought."  <u>See</u> 32 C.F.R. § 516.41(d).  The subpoena contains no information regarding the relevance of the official information to the proceeding for which it is requested.  Absent a request which complies with DA regulations, no official information may be released.  It is well settled that courts cannot compel a federal agency employee to testify or produce documents in violation of agency <u>Touhy</u> regulations.  <u>See</u> <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951); <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67 (4th Cir. 1989); and <u>United States Steel Corp. v. Mattingly</u>, 663 F.2d 68 (10th Cir. 1980).  This initial refusal to comply with the specified subpoena dates for production of documents is grounded on "sovereign immunity, not housekeeping regulations," <u>Comsat Corporation v. National Science Foundation</u>, 190 F.3d 269 (4th Cir. 1999).

Further, the request for documents is not legally sufficient on its face to authorize release of the records requested thereby.  The Privacy Act, 5 U. S. C. § 552a(b)(11), and AR 27-40, paragraph 7-7b, requires either that (a) the request include a signed authorization for release of the documents from the person who is the subject of the records or that (b) it is signed by a judge of a court of competent jurisdiction.  Your request contains neither.  A subpoena or other legal process signed by an attorney or clerk of court, even if authorized under local procedure, for records or information protected by the Privacy Act, does not authorize the release of the protected information

under Federal statute.  <u>See</u>, <u>Doe v. DiGenova</u>, 779 F.2d 74 (D.C. Cir. 1985); 5 U.S.C. § 552a(b)(11), 32 C.F.R. § 516.46(b)(1).  An "administrative law judge" or "commissioner" is not a "judge" for this purpose.

I am the point of contact for this action.  My telephone number is (502) 613 8855; email michael.a.suire.civ@mail.mil.

MICHAEL A. SUIRE
Attorney-Advisor

EXHIBIT "3"



RUSSELL J. G. AMSBERRY
BOARD CERTIFIED

LABOR & EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DIRECT LINE: (210) 491-4428
EMAIL: R.AMSBERRY@AMSBERRYLAW.COM

June 28, 2016

<u>**VIA FACSIMILE & EMAIL**</u>

Mr. Michael A. Suire
Attorney-Advisor
1600 Spearhead Division Avenue
Fort Knox, Kentucky 40122

Re:   Cause No. SA-CV-00982 DAE; Erika Sanchez v. Prudential Investment
Management, Inc.; Our File No. 08441.001.

Dear Mr. Suire,

This letter is in response to your May 26th correspondence refusing to produce Mr. Joseph S. Brown for his non-party deposition. The timely requested subpoena subject to Federal Rules of Civil Procedure 45 served on May 4, 2016 is sufficient to obtain the deposition of Joseph Brown. In response to the contention of specificity, the subpoena was adequately specific in its relevance to the suit at bar. The form requested, SGLV 8286, is in exclusive control of Mr. Brown. It is the beneficiary designation form completed by former Servicemember, Sebastian T. Hoffman. Joseph Brown is Casualty Assistance Officer who has access to the SGLV 8286 forms. In addition, communication regarding this form or other forms completed by Sebastian T. Hoffman is relevant to the current suit. The other parties in interest allege that the last signed designation of beneficiary form was not executed by Mr. Hoffman. For this reason and others, the requested information is sought. The information requested is not unduly burdensome to produce or privileged. Specificity requirement is not required for a subpoena subject to Federal Rules of Civil Procedure 45.

The subpoena does not violate Touhy regulations. Courts have held that when a subpoena is issued to a nonparty federal employee by a federal court, sovereign immunity <u>does not apply</u>. *Beckett v. Serpas*, No. CIV.A. 12-910, 2013 WL 796067 (E.D. La. Mar. 4, 2013). Furthermore, courts have expressly held that federal agencies may not claim sovereign immunity to avoid adherence with third-party subpoenas. *Beckett v. Serpas*, No. CIV.A. 12-910, 2013 WL 796067 (E.D. La. Mar. 4, 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 180 (D.C. Cir. 2001); *COMSAT Corp v. Nat'l Science Found.*, 190 F.3d 269, 274 (4th Cir. 1999)). Recent court decisions contend that a federal agency's denial of a third party subpoena should be analyzed under Federal Rules of Civil Procedure 26 and 45. *Beckett v. Serpas*, No. CIV.A. 12-910, 2013 WL 796067 (E.D. La. Mar. 4, 2013); (citing *Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 458 (E.D. N.Y.

 AMSBERRY

2011)). Moreover, the United States Supreme Court held that Touhy regulations are pursuant to a federal "Housekeeping Act." *Quezada v. Mink*, No. 10-CV-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010); (citing *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Courts recognize that the nature of the "Housekeeping Act" does not give a federal agency authority to deny testimony or withhold employee records involved in a judicial proceeding. *Quezada v. Mink*, No. 10-CV-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010).

Several factors may be considered when evaluating how to respond to a subpoena. *Quezada v. Mink*, No. 10-CV-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010). Examples include the unduly burdensome nature of the request or excessive time and money needed to comply. *Quezada v. Mink*, No. 10-CV-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010). None of these concerns are present to the current case. Even if such concerns were voiced, they would be evaluated according to Federal Rules of Civil Procedure 26 and 45. *Quezada v. Mink*, No. 10-CV-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010); (citing *Watts v. SEC*, 482 F.3d. 501, 508–09 (D.C. Cir. 2007).

For the above stated reasons, my office respectfully requests that you withdraw your objections and produce Mr. Brown along with the documents originally requested in the deposition by written question within fifteen days of this letter. Please confirm within five days your receipt of this letter and agreement to produce Mr. Brown. Should you be disinclined to produce Mr. Brown, our firm will have no other alternative but to file a Motion to Compel or other similar motion and request sanctions.

In advance, thank you for your consideration and facilitation of this matter.

With best regards, I remain

Sincerely,

Russell Amsberry

**EXHIBIT "4"**



**DEPARTMENT OF THE ARMY**
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY 40122

AHRC-JA

July 1, 2016

Mr. Russell J. G. Amsberry
Amsberry Law Firm
1370 Pantheon Way
Suite 110
San Antonio, Texas 78232

SUBJECT: Subpoena in the matter of <u>Sanchez v. Prudential</u>, Cause No. SA-CV-00982

This confirms our conversation on June 30, 2016, regarding my objections in my letter dated May 26, 2016 to your request for Mr. Joseph S. Brown to attend a deposition along with certain defined documents currently held in the custody of the U.S. Army Human Resources Command at Fort Knox, Kentucky.

As we discussed, I have consulted with my higher legal headquarters at OTJAF, Office of General Law and Litigation. They have advised me that my letter was appropriate and responsive. However we stand ready to provide Mr. Brown for the subject deposition if you can provide a deposition subpoena or court order signed by a judge of competent jurisdiction. <u>See, Doe v. DiGenova</u>, 779 F.2d 74 (D.C. Cir. 1985); 5 U.S.C. §552a(b)(11), 32 C.F.R. §516.46(b)(1). An "administrative law judge" or "commissioner" is not a "judge" for this purpose.

My office's sole concern in this matter is to protect the interests of the United States Army; the Army will not block access to witnesses or documents to which you are lawfully entitled when you otherwise comply with our regulatory requirements.

I am the point of contact for this action. My telephone number is (502) 613 8855; email michael.a.suire.civ@mail.mil.

SUIRE.MICHAEL.A.119016604
6

Digitally signed by SUIRE.MICHAEL.A.1190166046
DN: c=US, o=U.S. Government, ou=DoD, ou=PKI, ou=USA,
cn=SUIRE.MICHAEL.A.1190166046
Date: 2016.07.01 09:34:34 -04'00'

MICHAEL A. SUIRE
Attorney-Advisor