UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIKA SANCHEZ, | § | No. 5:15-cv-00982 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| PRUDENTIAL INVESTMENT | § | |
| MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| and | § | |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant/Third-Party | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIKA SANCHEZ, LAURE | § | |
| HOFFMAN MIDDLETON, and | § | |
| MITZI A. VIAL | § | |
| Third-Party Defendants | § | |

ORDER GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION
FOR INTERPLEADER RELIEF

Before the Court is a Motion to Deposit Funds and to Interplead by

The Prudential Insurance Company of America ("Prudential").  (Dkt. # 30.)  The

Motion is unopposed by Laure Hoffman Middleton ("Middleton") and Mitzi A.

Vial ("Vial") (Dkt. # 31); Erika Sanchez ("Sanchez") (collectively "Third-Party

Defendants") has not responded to the instant Motion.  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memorandum filed in support, and in light of the non-opposition by Hoffman and Vial, the Court, for the reasons that follow, **GRANTS** Prudential's Motion to Deposit and to Interplead.

BACKGROUND

Prudential funded a Servicemembers' Group Life Insurance ("SGLI") policy to the United States Department of Veterans Affairs through the Office of Servicemembers' Group Life Insurance ("OSGLI") pursuant to 38 U.S.C. § 1965 et seq.  ("McKoy Aff.," Dkt. # 30-1 ¶ 3; Dkt. # 30-2, Ex. A.)  Sebastian Theodore Hoffman ("Insured"), who was covered under this policy, died on July 10, 2015.  ("Death Certificate," Dkt. # 30-3, Ex. B.)  A Death Benefit of $399,971.00—the amount of the policy minus owed premiums—became payable to the Insured's beneficiaries.  ("McCoy Aff." ¶ 6.)

Following the death of the Insured, the OSGLI received three different SGLI Election and Certificates from the United States Army Reserves.  (Id. ¶ 8.)  One Certificate, dated June 4, 2011, designates the Insured's sisters, Middleton and Vial, as co-equal primary beneficiaries of the Death Benefit (the "June 2011 Certificate").  (Id. ¶ 8(a); "2011 Certificate," Dkt. # 30-4, Ex. C.)  The June 2011 Certificate bears the Insured's electronic signature and indicates that it

2

was received and/or accepted by the appropriate branch of service.  (Id.)  A second

Certificate, dated August 6, 2011, designates Sanchez, the Insured's estranged

wife, as a primary beneficiary of 75% of the Death Benefit and Middleton as the

primary beneficiary of 25% of the Death Benefit (the "August 2011 Certificate").

("August 2011 Certificate," Dkt. # 30-5, Ex. D.)  The August 2011 Certificate also

named Vial as a secondary beneficiary.  (Id.)  However, there is no indication that

the August 2011 Certificate was submitted, received, and/or accepted by the

applicable branch of service.  (Id.)  The final Certificate, dated September 30,

1975, designates Sanchez as the sole primary beneficiary of the Death Benefit (the

"Sanchez Certificate").  (McKoy Aff. ¶ 8(c); "Sanchez Certificate," Dkt. # 30-6,

Ex. E. )  The Sanchez Certificate bears what purports to be the Insured's signature;

however the Insured's date of birth is listed as the date he signed the Sanchez

Certificate.  (Sanchez Certificate.)  Richard G. Teniente, the Insured's Army

Reserve Unit Administrator, is listed as the personnel clerk who allegedly

completed the Sanchez Certificate.  (Id.)  However, Mr. Teniente states in a letter

that he is unable to validate the Sanchez Certificate because it appears to have been

altered.  (McKoy Aff. ¶ 8(c).)

On July 15, 2015, Sanchez submitted a claim for the Death Benefit.

(Dkt. # 30-7, Ex. F.)  On August 3, 2015, Vial submitted her claim for the Death

Benefit.  (Dkt. # 30-8, Ex. G.)  On August 9, 2015, Middleton submitted her claim

for the Death Benefit.  (Dkt. # 30-9, Ex. H.)

On November 10, 2015, Sanchez sued Prudential Investment

Management, Inc., asserting an implied cause of action pursuant to 38 U.S.C.

§ 1970(a) and seeking an affirmative injunction that Prudential Investment

Management, Inc. pay her the Death Benefit.[1]  (Dkt. # 1.)  On January 12, 2016,

Prudential timely filed its Answer and Third-Party Complaint for Interpleader.

(Dkt. # 6.)  Prudential named Sanchez, Middleton, and Vial as Third-Party

Defendants.  (Id.)

## LEGAL STANDARD

"Interpleader is a procedural device which entitles a person holding

money or property, concededly belonging at least in part to another, to join in a

single suit two or more persons asserting mutually exclusive claims to the fund."

White v. F.D.I.C., 19 F.3d 249, 251 (5th Cir. 1994).  One variety of interpleader is

"true interpleader, in which the stakeholder disclaims all interest in the disposition

of the [property]."  Fresh Am. Corp. v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 411,

414 (N.D. Tex. 2005) (citing Airborne Freight Corp. v. United States, 195 F.3d

238, 240 (5th Cir. 1999) (internal quotations omitted).

---

[1] It is undisputed that Prudential Investment Management, Inc. is an improper party
to this lawsuit, and was named in error.

Federal Rule of Civil Procedure 22 permits a plaintiff "with claims that may expose [it] to double or multiple liability" to join those persons as defendants in a suit to determine each defendant's rights.  Fed. R. Civ. P. 22(a)(1).  An interpleader action involves two stages.  First, "the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund."[2]  Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999).  If the requirements for rule interpleader have been satisfied and the stakeholder deposits the fund into the Court's registry, the stakeholder is dismissed from the suit, and only the parties asserting claims against the fund remain.  Fresh Am. Corp., 393 F. Supp. 2d at 414.  Once this occurs, the next stage of the litigation determines the rights of the claimants at summary judgment.  Rhoades, 196 F.3d at 600.

## DISCUSSION

This case was filed as a rule interpleader under Federal Rule of Civil Procedure 22.  This rule allows for interpleader actions in federal court, but does not confer jurisdiction on the Court to hear the case.  Jurisdiction must be based on some other original ground.  Perkins State Bank v. Connolly, 632 F.2d 1306, 1310

---

[2] Since Prudential has not already deposited the funds in the registry of the Court, interpleader may only proceed under Rule 22, and not the interpleader statute—28 U.S.C. § 1335.  See Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1159 (5th Cir. 1976).

n.3 (5th Cir. 1980); <u>Clifton v. Anthony</u>, 401 F. Supp. 2d 686, 688 (E.D. Tex. 2005).  It is undisputed that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the underlying claim involves rights and liabilities governed by federal law, specifically the SGLI statute, 38 U.S.C. § 1965 <u>et seq.</u> The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Prudential is citizen of the State of New Jersey (Dkt. # 6), the Third-Party Defendants are all citizens of Texas, and the amount in controversy exceeds $399,000.  (McKoy Aff.); <u>Clifton</u>, 401 F. Supp. 2d at 688 ("The court retains jurisdiction, even though the non-diverse insurer . . .was dismissed, because diversity existed at the time the case was filed." (citing <u>Aetna Life and Cas. Co. v. Spain</u>, 556 F.2d 747, 749 (1977)).

It is undisputed that Prudential is in possession of a single fund of which adverse persons possess claims, thus subjecting Prudential to the possibility of multiple litigation and duplicative liability.  (McKoy Aff. ¶ 8−9.)  Prudential has also presented evidence that it claims no title to or interest in the Death Benefit. (<u>Id.</u> ¶ 10.)  Accordingly, the requirements for rule interpleader are satisfied. Prudential is entitled to an order directing it to deposit the Death Benefit with the Court, requiring Defendants to interplead their claims to the Death Benefit, restraining Defendants from bringing separate proceedings against Prudential for the Death Benefit, and discharging Prudential from further liability to Defendants for the Death Benefit.  <u>Rhoades</u>, 196 F.3d at 601 ("In an interpleader action the

district court may also enter an order restraining the claimants from instituting any proceeding affecting the property until further order of the court.")

Finally, the Court must determine whether Prudential should be awarded reasonable attorney's fees and costs. "The Fifth Circuit expressly holds that modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable to do so." Noeller v. Metropolitan Life Ins. Co., 190 F.R.D. 202, 206 (E.D. Tex. 1999). Any fees awarded should be "modest." Id. at 207. Further, it is not automatic that the successful stakeholder should be awarded attorney's fees and costs. General Elec. Capital Assurance v. Norman, 209 F. Supp. 2d 668, 672 (S.D. Tex. 2002). In determining whether an award of attorney's fees is appropriate the Court should examine: "(1) Whether the case is simple or involved; (2) Whether the stakeholder performed any unique services for the claimants or the court; (3) Whether the stakeholder acted in good faith and with diligence; (4) Whether the services rendered benefitted the stakeholder; and (5) Whether the claimants improperly protracted the proceedings." Noeller, 190 F.R.D. at 207. **Within twenty days of the date of this Order**, Third-Party Defendants shall confer with Prudential to see if they can reach an agreement on fees. If they cannot, Prudential shall submit, **within thirty days of the date of this Order**, evidence and arguments to support

7

its claim for attorney's fees.  Third-Party Defendants may respond in accordance with Local Rules.

CONCLUSION

For the reasons given, the Court **GRANTS** Prudential's Motion for Deposit and Interpleader (Dkt. #30).  Prudential is: (1) **ORDERED** to deposit the Death Benefit plus applicable claim interest, if any, into the registry of the Court; (2) **DISMISSED** from this action; (3) **RELEASED** from any further liability pertaining to the SGLI Policy or the Death Benefit as it pertains to the Insured in this lawsuit; and Claimants (4) are **RESTRAINED** from instituting any action against Prudential with regard to the SGLI Policy or the Death Benefit.  The Clerk is **DIRECTED** to terminate Prudential Investment Management, Inc., as it was named in error.

**IT IS FURTHER ORDERED** that the dispositive motion deadline for Third-Party Defendants to file a Motion for Summary Judgment remains in effect for October 28, 2016.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, September 28, 2016.

_____

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE