UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ERICKA SANCHEZ,**
Plaintiff,                                                                 No. 5:15-CV-982 DAE

v.

**PRUDENTIAL INVESTMENT MANAGEMENT, INC.,**
Defendant.

**and**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Defendant/Third-Party Plaintiff,

v.

**ERIKA SANCHEZ, LAURE HOFFMAN MIDDLETON, and MITZI A. VIAL,**
Third-Party Defendants

### ORDER ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this _____ day of March, 2017, came to be considered *Third-Party Defendants' Motion for Summary Judgment*.

The Court has considered the pleadings and official records on file in this cause, the evidence, and the arguments of counsel and finds that there is no genuine issue about any material fact and that Movants/Third-Party Defendants, Mitze A. Vial and Laure Hoffman Middleton, are entitled to judgment as a matter of law.

The Court therefore FINDS AND DECLARES as follows:

The Servicemembers' Group Life Insurance Election and Certificate dated June 4, 2011 is valid and effectively designates Mitze A. Vial and Laure Hoffman Middleton as beneficiaries of the SGLI policy of Sebastian Theodore Hoffman.

The Servicemembers' Group Life Insurance Election and Certificates dated August 6, 2011 and September 30, 1975, respectively, are defective, invalid, and ineffective to alter or change the designation of Mitze A. Vial and Laure Hoffman Middleton as beneficiaries of the SGLI policy of Sebastian Theodore Hoffman.

Laure Hoffman Middleton is entitled under the SGLI policy of Sebastian Theodore Hoffman and applicable law to fifty-percent (50%) of the net death benefit.

Mitze A. Vial is entitled under the SGLI policy of Sebastian Theodore Hoffman and applicable law to fifty-percent (50%) of the net death benefit.

The Clerk of this Court is DIRECTED to disperse fifty-percent (50%) of the funds held in the registry of this Court (deposited by Prudential), together with applicable interest, if any, to Laure Hoffman Middleton by _____.

The Clerk of this Court is DIRECTED to disperse fifty-percent (50%) of the funds held in the registry of this Court (deposited by Prudential), together with applicable interest, if any, to Mitze A. Vial by _____.

IT IS ORDERED that Erika Sanchez is permanently enjoined from instituting any action against Mitze A. Vial and Laure Hoffman Middleton, individually or collectively, to recover the death benefit, or any other action against Mitze A. Vial and Laure Hoffman Middleton, individually or collectively, based on or associated with the SGLI policy of Sebastian Theodore Hoffman.

IT IS ORDERED that counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees within 14 days of this order.

IT IS SO ORDERED.

DATED: San Antonio, Texas, _____.

 

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE