UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERICKA SANCHEZ, § <br> Plaintiff, § <br> v. § <br> § <br> PRUDENTIAL INVESTMENT § <br> MANAGEMENT, INC., § <br> Defendant. § <br> § <br> And § <br> § <br> THE PRUDENTIAL INSURANCE § <br> COMPANY OF AMERICA, § <br> Defendant/Third-Party Plaintiff, § <br> v. § <br> ERIKA SANCHEZ, LAURE HOFFMAN § <br> MIDDLETON, and MITZI A. VIAL, § <br> Third-Party Defendants § | No. 5-15-CV-982DAE |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE DAVID A. EZRA:

Plaintiff asks the court to render final summary judgment against defendant, as authorized by Federal Rule of Civil Procedure 56.

A. Introduction

1. Plaintiff is Ericka Sanchez; Defendant/Third Party Plaintiff is Prudential Investment Management, Inc.; Third-Party Defendants are Ericka Sanchez, Laure Hoffman Middleton, and Mitzi A. Vial.

2. On or about November 10, 2015, plaintiff sued defendant Prudential for recovery of policy proceeds for former servicemember Sebastian Hoffman.

3. On or about January 1, 2016, Defendant and Cross-Claimants, Laure Hoffman Middleton and Mitzi A. Vial filed their Original Answer and Counterclaim.

4. Plaintiff files this motion for final summary judgment on her claim for a determination of who is the rightful beneficiary to former servicemember, PFC Sebastian Hoffman. Summary judgment should be granted in this case because the summary-judgment evidence establishes all elements of plaintiff's claim as a matter of law.

B. Statement of Facts

5. Before the Court are three SGLV forms that were signed and executed by PFC Hoffman bearing the respective dates of June 4, 2011, August 6, 2011 and a later version erroneously dated with the servicemembers' date of birth, September 30, 1975. *See* respectively Exhibits H, I, and J. Each of the submitted forms were placed in Sebastian Hoffman' permanent military folder, through a process known as PERMS, which is a military acronym for Personnel Electronic Records Management Systems.

6. Each of the three forms bear their own flaws. The earliest of the forms executed by PFC Hoffman, prior to getting married to Erika Sanchez, reflected a 50% interest to be shared by his two sisters. Though the designation form was completed correctly throughout, it was placed on an obsolete form. *See* Ex. H. It is the practice in the U.S. Army that use of forms that are obsolete, as the June 4th designation form, are deemed to be invalid. Within a couple months of marrying Ms. Sanchez, Mr. Hoffman revised his SGLV designations to award his new wife 75% of an interest in any SGLI policy proceeds should he die, with a remaining 25% to be awarded to his sister Laure Hoffman. *See* Ex. I and Ex. L, ¶ 2.

7. Richard Teniente, the unit administrator over PFC Hoffman, opined in his depositions that he believed the second form to be the correct and valid designation form, though Teniente did not offer any verification of training he had received to bolster his opinion. Ex. C:18:10-16 Contrary to Mr. Teniente that the fonts are the same and there were no notable errors

on the August 8, 2011 form, a closer inspection of said document reveals that applying the same exactitude applied to the subsequent designation form, the form had different sizing of fonts as to percentage of beneficiaries. The "75%" for Erika Sanchez is demonstratively smaller than the other percentages listed for other beneficiaries. Further the "x's" on the second page did not perfectly line up on several of the boxes which were checked. If the same analysis were to be applied to the second SGLV form, as the last one which was signed by PFC Hoffman, it could be argued that the document could appear to be tampered.

8. The third SGLV 8286 form which erroneously reflected Mr. Hoffman's date of birth in place of an actual date that the document can readily be confirmed to be the latest version of the document executed, as it reflects the Austin address, 5513 Colinton, that both Mr. Hoffman and Ms. Sanchez had come to establish as their residence on or about November 2011. *See* e.g. Ex. J, and Ex. L, ¶ 3. Contrary to Richard Teniente's claims that the fonts are different on the social security of the service member, they are identical, with the difference being how they are spaced and the omission of any dashes as is typically seen on most social security numbers. *Cf.* typography of Ex. J to Ex. I. Mr. Teniente acknowledged that the last form was properly validated and the signature on the last form matched up with other documents signed by Hoffman during the same period of time. *See* Ex. C, p.52, ll: 9-15. *See* also Exhibit G which were documents Mr. Teneinete culled as part of the investigation. Joseph Brown from the Human Resource Command confirmed that the latest document was "permed" and made a permanent part of the solidier permanent file. See e.g. Ex. B, p.4, ll. 3-17.

9. Although Mr. Teniente's signature is not reflected in the SGLV form bearing Mr. Hoffman's DOB, despite bearing his credentials, he acknowledged in his deposition that when doing Soldier Readiness (commonly known as SRPs) it is common place to have the 8286 and

DD93 forms reviewed.  However, he noted "the record custodian or the HR specialist that is [doing] collection [of] the record can sometimes be a younger or inexperienced person." Ex. C., p. 25, ll.19-21.  Ergo, more errors, omissions and oversights in the correct completion of these forms.

10. Sebastian Hoffman and Erika Sanchez continued to be married until September 2013. *See* Ex. L, ¶ 3.  Despite what are typical six month rotation cycles where soldiers have to attend SRPs and update documents such as their DD 83 and SGLV 8286 forms, at no time prior to his death in 2015 did Mr. Hoffman change his designation of beneficiaries on either the DD 93 or SGLV 8286 forms, despite having multiple opportunities to do so.  *See* Ex. D, Teniente's Second Deposition 44:18-21. In both the latest version of the DD93 and the SGLV 8286 forms on record, Ms. Sanchez was the 100% beneficiary of his insurance proceeds, any death gratuity and pay that may have been outstanding.  *See e.g*, Ex. E,F and Ex. L, ¶ 7.  Notably even the DD 93 dated January 8, 2011 appears to be another misnomer, as it reflects the Austin address that the couple did not move into until November 2011.

11. Even after Mr. Hoffman and Ms. Sanchez had gotten divorced, the emotional ties he still felt for Ms. Sanchez, continued to be strong even as of 2015.  *See* Ex. L. ¶ 5, attachments 1. Mr. Hoffman pour out to Ms. Sanchez on January 4, 2015: "I was thinking about you, and I wonder how you're doing.  This may sound strange, but I think I'll always love you.  I am past the point of thinking that we'll reconcile, and I have passed beyond the hatred I had for you. If I never hear back from you that is okay, but I want you to that I miss.  Also, I am okay."  The last signed and approved SGLV form signed by Mr. Hoffman which awarded his wife and thereafter ex-wife 100% percent interest in any life insurance proceeds is controlling and should be

accorded the benefit of the servicemember's last intended designation and the proceeds should be awarded to Ms. Sanchez accordingly.

### C. Argument

12.     Summary judgment is proper in a case where there is no genuine issue of material fact. Fed. R. Civ.P. 56(c); *Scott v Harris,* _____ U.S. _____, 127 S. Ct. 1769, 1776 (2007); *Celotex Corp. v Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  A Plaintiff moving for summary judgment satisfies its burden by submitting summary-judgment proof that establishes all elements of its claim as a matter of law.  *San Pedro V United States*, 79 F3d 1065, 1068 (11th Ci. 1996).  Plaintiff must show that no reasonable trier of fact could find other than for Plaintiff. *Calderone v United States*, 799 F.2d 254, 259 (6th Cir. 1986).

13.     Plaintiff respectfully submits that she is entitled to the proceeds of Hoffman's SGLI policy, as a matter of law.  <u>Insurance benefits are allocated based on the most recent beneficiary designation form received in the uniformed services</u>.  38 U.S.C. § 1970 (a)

14.     Under U.S.C. § 1970 (a), Plaintiff has an implied cause of action seeking beneficiary proceeds of Mr. Hoffman's SGLI policy.  A change of beneficiary under the SGLIA "will take effect only if it is in writing, signed by the insured, and received prior to the death of the insured." *Dohnalik v. Somner*, 467 F.3d. 488, 490 (5th Cir. 2006) (quoting *Prudential Ins. Co. v. Smith*, 762 F.2d 476, 478 (5th Cir. 1985)); *see also* 38 U.S.C. § 1970 (a); 38 C.F.R. § 9.4 (a). The writing must be received "in the uniformed services," defined as "the Army, Navy, Air Force, Marine Corps, [and] Coast Guard." § 1970 (a); 38 U.S.C. § 756 (6).  The Fifth Circuit has shown its commitment in following the intent of Congress that the specific language of the statute is what controls.  *Dohnalik v. Somner*, 467 F.3d. 488, 490 (5th Cir. 2006).  The Fifth

Circuit in *Prudential Ins. Co. of America v. Smith* recognized that no particular writing is required and that "***any 'simple written and signed designation or change of beneficiary' is sufficient.***" *Prudential Ins. Co. of America v. Smith*, 762. F.2d 476, 481 (5th Cir. 1985) (citing *Stribling v. United States*, 419 F.2d 922, 1350, 1351 (8th Cir. 1969)).

15.     In addition, the Fifth Circuit clarified when a writing which designates a beneficiary is actually "received" in *Coomer v. United States*.  This Circuit held that a writing designating a beneficiary is received "when the serviceman hands the writing naming the beneficiary to the person whom the [relevant armed service branch] has put in charge of receiving and maintaining the beneficiary designation forms." *Coomer v. United States*, 471 F.2d 1, 5 (5th Cir. 1973).  In the present case, PFC Hoffman signed off and approved the latest version of the SGLV 8286 submitted and permed into the system. *See e.g.* Ex. C: 52:9-15, This was further noted in the official Report of Casualty that was filed identifying her as the 100% beneficiary. *See* Ex. K. "[W]hat happens to the form after it is received by the official record keeper cannot vitiate the validly expressed intent of the insured." *Id.*  The *Coomer* Court did not wish to limit the scope of valid receipt, and found that "there is no requirement that Coomer's beneficiary designation exist in his service file at the time of death." *Id.* at 4–5.  All that is required is that the form must have been received by the officer at some point prior to death. *Id.*  Courts have strictly complied with the requirement that these forms, or any previous writings and intentions, must be received by a uniformed officer before it is to be given any effect. *See Stribling v. United States*, 419 F.2d 1350, 1355 (8th Cir. 1969) (finding that insured's intent to change beneficiaries was not sufficient because form was in personal papers, but was not received in the uniformed services). Additionally, "[a] change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary." 38 C.F.R. § 9.4 (b).  As noted above, SFC Hoffman has

several opportunities through SRPs held semi-annually to amend his designations , but declined to do so.  See Ex. Ex. D.

16. It is well-established that Plaintiff ERIKA SANCHEZ has shown that the decedent's lasting and final beneficiary designation was made entirely and solely to her.  In his beneficiary designation, Hoffman sufficiently met the requirements set forth under 38 U.S.C. § 1970 by (1) signing it before the service member's death and (2) placing it in the hands of a uniformed service officer.  Thus, the only material facts upon this issue are those pertaining to whether the Army officer received Hoffman's final SGLV Form, designating Plaintiff as the sole beneficiary.  As set forth above, these facts are not in dispute.  Therefore, Hoffman's designation to Plaintiff was valid at the time he placed the signed beneficiary Certificate in the hands of his Army officer.

17. Plaintiff demands that this Court give full effect to Hoffman's lasting intent, which is validly expressed in his final beneficiary designation.  Defendant Prudential sought to distribute proceeds to Hoffman's heirs-at-law, thus failing to honor the valid beneficiary designation.  An insurance policy is a contract, and it is governed by the same rules of construction applicable to all contracts.  The Court's primary goal is to give effect to the written expression of the parties' intent.  *See e.g. Gray v. Nash*, 259 S.W.3d 286, 289 (Tex. App. 2008).

18. A couple of significant cases that are closely aligned with the facts in this case include *Ruiz v. Prudential Ins. Co. of Am.*, No. 4:07-CV-029-BE, 2008 WL 3823257, at *1 (N.D. Tex. 2008), aff'd, 317 F. Appx. 412 (5th Cir. 2009) and *Prudential Ins. Co. of Am. V. Ligon*, 915 F.supp. 1183 (M.D. Ala. 1996).  In the Ruiz case, the former spouse, Katrina was awarded a 25% interest in the life insurance proceeds of Servicemember Bradley Thompson.  Katrina Thompson and Bradly Thompson had gotten divorced in 2006.  Thereafter, Mr. Thompson remarried but

never changed his SLGV designation form. The Court found for Katrina holding that the Estate of decedent and new wife, Ruiz, failed to provide any evidence other than unsworn pleadings, alleging that Thompson had signed a new designation form. In the *Ligon* matter, the underlying dispute over insurance proceeds rested between a former spouse (Ms. Ligon) and the servicemember's sister, (Williams). On January 3, 1993, the servicemember signed and tendered a beneficiary form designating Ms. Ligon as the sole beneficiary to the SGLI policy. After his passing, Ms. Williams, submitted an SGLV form that named her as sole beneficiary. However, the form provided by Ms. Williams was nowhere to be found within the unit or the soldier's processing documents and/or permed documents. Accordingly, the *Ligon* court held that Williams failed to provide any evidence that the beneficiary designation form which entitled her to the proceeds was actually "received" by a uniformed officer. *Id.* at 1187. In the present case, it is undisputed that the latest SGLV 8286 form that designated Ms. Sanchez as having 100% interest in any insurance proceeds were not only received, processed but additionally made part of the permanent file of the former soldier.

19. In arguendo, if the Laure Hoffman and Mitzi Vial take the position that Sebastian Hoffman wished to change his designated beneficiary, mere suppositions and even articulated statements by the decedent are insufficient to strike a former designation. The soldier, PFC Hoffman would have had to communicate that decision to the proper office. Hoffman failed to do so and the SGLIA dictates that Sanchez remain the designated beneficiary. *See e.g. Dohnalik v. Somner,* 467 F.3d 488 (5th Cir. 2006).

### D. Summary-Judgment Evidence

20.     In support of Plaintiff's motion, plaintiff includes evidence in the attached appendix, which is incorporated by reference into the motion.  The motion for summary judgment is based on the following evidence:

- a. <u>Affidavits.</u>  The Affidavit of Russell J. G. Amsberry establish the authenticity of documents and depositions summaries produced over the course of litigation. The affidavit of Ericka Sanchez establishes and states facts that are not apparent from the record but would provide elucidation to the court as to facts, time and time lines which are relevant to determining which SGLV 8286 form was the last to be received and made part of the official military record for Sebastian Hoffman.
- b. <u>Documentary evidence.</u>  The exhibits which are listed with specificity in the Appendix are as follows
- c. <u>Depositions.</u>  The depositions of Joseph Brown and Richard Teniente, who were familiar with the unit processing of SGLV designation forms.

### E. Attorney Fees

21.     Plaintiff is entitled to attorney fees incurred in prosecuting this suit.  The affidavit of plaintiff's attorney, included in the appendix, establishes that plaintiff is entitled to attorney fees shall be submitted after filing a response to the Defendant's Motion and Reply to the instant motion, or as otherwise requested or ordered by this Court.

### F. Conclusion

Sanchez' Summary Judgment Motion

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff ERIKA SANCHEZ, respectfully moves this Honorable Court find that as a matter of law summary judgment is well taken and grants the same, with any other relief in law or equity to which she may be entitled, including the rendition of a final summary judgement in plaintiff's favor and disbursement of proceeds between Plaintiff and her counsel.

Respectfully submitted,

**THE AMSBERRY LAW FIRM**
1370 Pantheon Way, Suite 110
San Antonio, Texas 78232
Tel: (210) 354-2244
Fax: (210) 354-2227
Email: r.amsberry@amsberrylaw.com


By:_*Russell J. G. Amsberry*_
    **RUSSELL J. G. AMSBERRY**
    State Bar No. 00790228

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure on March 6, 2017.

_Russell J. G. Amsberry_
**RUSSELL J. G. AMSBERRY**

Case 5:15-cv-00982-DAE   Document 50   Filed 03/06/17   Page 11 of 11